PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 1 2006

at 11 o'clock and 13 min. ___ M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  ELU JACOB PALELEI          Case Number:  CR 00-00439HG-02

Name of Sentencing Judicial Officer:  The Honorable Helen Gillmor
                                      Chief U.S. District Judge

Date of Original Sentence:  8/27/2001

Original Offense:    Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Twelve (12) months and one (1) day imprisonment, to be followed
                     by three (3) years of supervised release with the following special
                     conditions:  1) That the defendant participate in a substance abuse
                     program, which may include drug testing at the discretion and
                     direction of the Probation Office; 2) That the defendant is prohibited
                     from possessing any illegal or dangerous weapons; 3) That the
                     defendant provide the Probation Office and the Financial Litigation
                     Unit of the U.S. Attorney's Office access to any requested financial
                     information to include submitting to periodic debtor's examinations
                     as directed by the Probation Office; 4) That the defendant is
                     prohibited from incurring credit charges and lines of credit without
                     the approval of the Probation Office; and 5) That the defendant
                     shall pay restitution of $430 to Central Pacific Bank, P.O.
                     Box 3590, Honolulu, Hawaii 96811, Attention:  Kenneth Y. Fujita,
                     jointly and severally along with co-defendant Lopez immediately
                     and any remaining balance upon release from confinement be paid
                     during the period of supervision on an installment basis according
                     to the collection policy of the Probation Office but at a rate of not
                     less than 10 percent of his monthly gross income as directed by the
                     Probation Office.

Modified
Sentence:            On 5/23/2003, the Court modified the conditions of supervision for
                     marijuana use.  The following special condition was imposed:
                     6) That the defendant perform 24 hours of community service as
                     directed by the Probation Office.

Prob 12B
(7/93)

On 7/1/2003, the Court modified the conditions of supervision for continued marijuana use. The following special condition was imposed: 7) That the defendant serve 3 months community confinement in a community corrections center such as Miller Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

Revocation
Offense and
Sentence:

On 10/21/2004, the Court revoked supervised release for the following violations: 1) The subject's urine specimens of 8/16/2002, 3/31/2003, 5/19/2003, 5/23/2003, 5/29/2003, 6/4/2003, 6/26/2003, and 8/19/2004 tested positive for marijuana; 2) The subject refused to comply with drug testing on 8/21/2002, 9/25/2002, 10/28/2002, 11/10/2002, 11/22/2002, 6/29/2003, 7/2/2003, 8/4/2003, 8/18/2003, 9/1/2003, 9/8/2003, and 9/23/2003; 3) The subject failed to notify the Probation Officer ten (10) days prior to any change in employment; and 4) The subject's urine specimen of 9/10/2004 tested positive for marijuana. The subject was sentenced to six (6) months imprisonment to be followed by thirty (30) months of supervised release, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision: Supervised Release    Date Supervision Commenced: 4/20/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

*General Condition:*    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of*

Prob 12B
(7/93)

3

supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Special Condition No. 1:    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 4:    That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.  The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | The subject refused to comply with drug testing on 8/12/2005. |
| 2. General Condition and Standard Condition No. 7 | The subject's urine specimen of 3/13/2006 and 3/24/2006 tested positive for marijuana. |

Our office was informed by Drug Addiction Services of Hawaii (DASH) that on 8/12/2005, the subject failed to submit a urine specimen for testing.  As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing.  The subject admitted that he simply forgot to call DASH.  He was verbally admonished and warned to be more careful in the future.  He was also given some tips to assist him with his daily calling requirement.

On 3/13/2006, the subject reported to our office and admitted to this officer that he used marijuana on 3/11/2006.  The subject was scheduled to provide a urine specimen at Freedom Recovery Services (FRS) on 3/13/2006, but because he was already present at our office, he provided a urine specimen to this officer.  The specimen was

Prob 12B
(7/93)

4

tested with a non-instrumented drug testing (NIDT) device, and was presumptively positive for marijuana. Our office later received laboratory confirmation that the subject's urine specimen of 3/13/2006 was positive for marijuana.

On 3/24/2006, the subject submitted a urine specimen to FRS. The specimen was tested with a NIDT and found to be presumptively positive for marijuana. The specimen was forwarded to a laboratory and confirmed positive for marijuana. The subject has denied any additional marijuana use. Marijuana can remain in a person's system for up to thirty (30) days after the initial use.

Considering the subject's past problems with marijuana during his first supervised release term and eventual revocation, our office is very concerned with the subject's recent marijuana use. Up to this point, the subject appeared to be compliant with supervision and has been full-time employed for a landscaping company. He was recently promoted to a supervisory position. Even so, the subject admitted that his marijuana use was partly due to association with known drug users.

As a result of his non-compliance, we respectfully recommend that the Court modify the subject's conditions of supervision to include a special condition that he serve two (2) months of home detention with electronic monitoring. This will allow our office to monitor him more closely and curb his poor choice of associations. The subject was admonished for his marijuana use and warned that future illicit drug use could result in revocation proceedings being initiated.

Additionally, in light of U.S. vs. Stephens, we are requesting that the Court modify the mandatory drug testing condition (General Condition) to allow for additional drug testing. We are also requesting that Special Condition No. 1 be revised to include updated language. Our office believes that due to the subject's history of marijuana use while on supervision, it is prudent to randomly test the subject for illicit drug use until the expiration of supervision.

Prob 12B
(7/93)

5

   As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this recommendation.  The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have expressed no objections.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date:  4/6/2006

_____

THE COURT ORDERS:

[ X ]  The Modification of Conditions as Noted Above
[   ]  Other

HELEN GILLMOR
Chief U.S. District Judge

4·10·06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

General Condition:    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Special Condition No. 1:    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 4:    That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____          Signed: _____
FRANK M. CONDELLO, II                                              ELU JACOB PALELEI
U.S. Probation Officer                                                    Supervised Releasee

_____
3/13/06
Date