Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

**United States District Court**

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 14 2007

at 2 o'clock and 55 min. P M.
SUE BEITIA, CLERK

U.S.A. vs. ELU JACOB PALELEI          Docket No. CR 00-00439HG-02

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

   COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ELU JACOB PALELEI, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 27th day of August 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

   3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

   4. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

   5. That the defendant shall pay restitution of $430 to Central Pacific Bank, P.O. Box 3590, Honolulu, Hawaii 96811, Attention: Kenneth Y. Fujita, jointly and severally along with co-defendant Lopez immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income as directed by the Probation Office.

   On 5/23/2003, the Court imposed the following special condition as a result of the subject's use of marijuana:

   6. That the defendant perform 24 hours of community service as directed by the Probation Office.

On 7/1/2003, the Court imposed the following special condition as a result of the subject's continued use of marijuana:

7.  That the defendant serve 3 months community confinement in a community corrections center such as Miller Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

On 10/21/2004, the Court revoked supervised release for the following violations: 1) The subject's urine specimens of 8/16/2002, 3/31/2003, 5/19/2003, 5/23/2003, 5/29/2003, 6/4/2003, 6/26/2003, and 8/19/2004 tested positive for marijuana; 2) The subject refused to comply with drug testing on 8/21/2002, 9/25/2002, 10/28/2002, 11/10/2002, 11/22/2002, 6/29/2003, 7/2/2003, 8/4/2003, 8/18/2003, 9/1/2003, 9/8/2003, and 9/23/2003; 3) The subject failed to notify the Probation Officer ten (10) days prior to any change in employment; and 4) The subject's urine specimen of 9/10/2004 tested positive for marijuana. The subject was sentenced to six (6) months imprisonment to be followed by thirty (30) months of supervised release. The following special conditions were imposed:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant provide the Probation Office access to any requested financial information.

3.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 4/10/2006, the Court made the following modifications to the conditions of supervised release as a result of the subject's use of marijuana:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

4.  That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring

Prob 12C
(Rev. 1/06 D/HI)

3

device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. The subject's urine specimens of 3/13/2006, 3/24/2006, and 8/27/2007 tested positive for marijuana, in violation of Standard Condition No. 7.

2. The subject refused to comply with drug testing on 8/12/2005, 6/24/2006, and 11/25/2006, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked. The subject's address is 1828 Eluwene St., Honolulu, HI 96819.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   9/12/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 12th day of September, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:   **PALELEI, Elu Jacob**
      **Criminal No. CR 00-00439HG-02**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Bank Robbery, a Class C felony. He was sentenced by Your Honor on 8/27/2001 to twelve (12) months and one (1) day imprisonment and three (3) years of supervised release. The subject began his first supervised release term on 7/2/2002.

On 10/21/2004, the subject's supervised release was revoked and Your Honor sentenced him to six (6) months imprisonment to be followed by thirty (30) months of supervised release. The subject began his second supervised release term on 4/20/2005. The special conditions are noted on page 2 of the petition.

**Violation No. 1 - Urine Specimens of 3/13/2006, 3/24/2006, and 8/27/2007 Tested Positive for Marijuana**: On 4/6/2006, Your Honor was notified of the following: On 3/13/2006, the subject reported to our office and admitted to this officer that he used marijuana on 3/11/2006. The subject was scheduled to provide a urine specimen at Freedom Recovery Services (FRS) as part of the treatment regimen on 3/13/2006, but because he was already present at our office, he provided a urine specimen to this officer. The specimen was tested with a non-instrumented drug testing device (NIDTD) and was presumptively positive for marijuana. Our office later received laboratory confirmation that the subject's urine specimen of 3/13/2006 was positive for marijuana.

On 3/24/2006, the subject submitted a urine specimen to FRS. The specimen was tested with an NIDTD and found to be presumptively positive for marijuana. The specimen was forwarded to a laboratory and confirmed positive for marijuana. The subject denied any additional marijuana use after 3/11/2006. Marijuana can remain in a person's system for up to thirty (30) days after initial use.

Our office recommended that the Court modify the subject's conditions of supervision to include a special condition that he serve two (2) months of home detention with electronic monitoring. Our office also recommended that in light of U.S. vs. Stephens, his conditions of supervision be modified to include updated language. Your Honor concurred with this recommendation and no further action was taken.

On 8/27/2007, this officer conducted an unannounced home inspection of the subject's residence at 4:35 p.m. Per the modified General Condition, the subject was instructed to submit a urine specimen for testing. The specimen was tested using an NIDTD and was positive for marijuana. The subject admitted using marijuana on 8/25/2007. The urine specimen was forwarded to a laboratory and has been confirmed positive for marijuana.

Re:   **PALELEI, Elu Jacob**
      **Criminal No. CR 00-00439HG-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

**Violation No. 2 - Refused to Comply With Drug Testing on 8/12/2005, 6/24/2006, and 11/25/2006**: Per the Special Condition, the subject was referred to Drug Addiction Services of Hawaii (DASH) for substance abuse counseling and random drug testing. The subject failed to submit a urine specimen at DASH for testing on 8/12/2005. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. When questioned by this officer, the subject admitted that he simply forgot to call DASH. He was verbally admonished and warned to be more careful in the future. He was also given some tips to assist him with his daily calling requirement. As mentioned in Violation No. 1, Your Honor was advised of this violation in a report to the Court on 4/6/2006. Our office recommended modifications to the conditions of his supervised release and Your Honor concurred with these recommendations.

Due to a change in treatment vendors, the subject was moved to Freedom Recovery Services (FRS) for random drug testing. Our office was informed by FRS that on 6/24/2006 and 11/25/2006, the subject failed to submit a urine specimen for testing. With respect to the missed drug test on 6/24/2006, the subject stated that the recorded message at FRS had not been changed when he called and he forgot to call back later in the day. The subject was admonished for not calling FRS back and getting the updated message for testing instructions. With respect to the missed drug test on 11/25/2006, the subject admitted that he simply forgot to call FRS. The subject reported having difficulty calling because he had no home phone or cellular phone to call with. The subject was admonished and instructed to make other arrangements to receive his testing instructions.

Re:  PALELEI, Elu Jacob
     Criminal No. CR 00-00439HG-02
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

    Considering the subject's past problems with marijuana during his first supervised release term and eventual revocation, our office is very concerned with the subject's recent marijuana use. The subject admits that his marijuana use is partly due to association with known drug users. The subject is not considered a hard-core addict but rather an immature young adult who was previously accustomed to the recreational use of marijuana. Even though he was previously revoked by the Court for his marijuana use, he has decided to continue the occasional use of marijuana. It has been difficult for our office to make the proper impression upon the subject that he cannot continue to use marijuana while on supervision. As such, it is respectfully recommended that the Court issue a Summons for the subject's appearance to show cause why supervised release should not be revoked. The subject's supervised release is scheduled to expire on 10/19/2007.

                                            Respectfully submitted by,

                                            _____
                                            FRANK M. CONDELLO, II
                                            U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:   PALELEI, Elu Jacob
      Criminal No. CR 00-00439HG-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

   None.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:      ELU JACOB PALELEI             Docket No. CR 00-00439HG-02
Address: 2288 Kapahu Street
         Honolulu, HI 96813

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 30 months commencing upon release from confinement.

While on **supervised release**, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

   **For offenses committed on or after September 13, 1994:**

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

   (1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

   (2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

   (3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) x _____        x 4/21/05
ELU JACOB PALELEI, Defendant                        Date

_____                    4/21/05
FRANK M. CONDELLO, II                               Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:     ELU JACOB PALELEI
        Docket No. CR 00-00439HG-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

2) *That the defendant provide the Probation Office access to any requested financial information.*

3) *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

        These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X _____                    X 4/21/05
         ELU JACOB PALELEI, Defendant                       Date

         _____                         4/21/05
         FRANK M. CONDELLO, II                               Date
         U.S. Probation Officer